[Civ. No. 4144.  First Appellate District, Division One.—March 27, 1925.]

## L. A. JACKSON, Appellant, v. E. J. DOLAN et al., Respondents.

[1] New Trial — Expiration of Term of Office—Void Order—Appeal.—The act of a trial judge in making an order granting a new trial, at a time when for all judicial purposes his office has expired, is *functus officio* and of no effect and the case is left in the same condition, in legal contemplation, as though no order disposing of the motion had ever been made, and upon the lapse of the time prescribed by section 660 of the Code of Civil Procedure the motion will be deemed denied, from which no appeal lies; and upon appeal from such order granting a new trial, the question as to whether the motion was rightfully or wrongfully decided on the merits is one that is not properly before the court.

---

(1) 3 C. J., p. 467, n. 88; 29 Cyc., p. 1003, n. 15.

APPEAL from an order of the Superior Court of Imperial County granting a new trial.  Phil. D. Swing, Judge.  Reversed.

The facts are stated in *Jackson* v. *Dolan, ante,* p. 48.

Harry W. Horton, Jr., for Appellant.

Randall, Bartlett &. White for Respondents.

TYLER, P. J.—This is an appeal from an order granting a new trial.  The facts are stated in an opinion filed by us this day on an appeal from an order correcting the minutes of the court in the above-entitled action.  [1]  It appears therefrom that the order granting a new trial was made at a

time when for all judicial purposes the office of the judge making the order has expired. His act in granting the motion was, therefore, *functus officio* and of no effect and the case is left in the same condition, in legal contemplation, as though no order disposing of the motion had ever been made, the consequence of which is that it is deemed denied by lapse of time (Code Civ. Proc., sec. 660), and from which no appeal lies. This being so, the question as to whether the motion was rightfully or wrongfully decided on the merits is one that is not properly before us.

For the reasons given the order granting the new trial is reversed.

Knight, J., and Cashin, J., concurred.